# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| JOYCE WALKER-DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 9:23-cv-00156-DCN |
| vs. ) | |
| ) | **ORDER** |
| THE UNIQUE CARING FOUNDATION, ) | |
| INC. and TYRONE E. MILLER, *in his* ) | |
| *individual capacity*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on plaintiff Joyce Walker-Davis's ("Walker-Davis") motion to dismiss defendants The Unique Caring Foundation, Inc. ("UCF") and Tyrone E. Miller's ("Miller," and together, "defendants") counterclaim, ECF No. 5; Walker-Davis's first motion to remand, ECF No. 6; and Walker-Davis's second motion to remand, ECF No. 12. For the reasons set forth below, the court grants the motion to dismiss the counterclaim and denies the motions to remand.

## I. BACKGROUND

This action arises from an alleged failure to pay wages. UCF is a home health care agency incorporated in the State of North Carolina. Walker-Davis began working for UCF on or around June 30, 2018, as a home care administrator/director in UCF's non-medical group. According to the complaint, Miller—who defendants allege is UCF's President—promised Walker-Davis that she would be paid monthly, but Walker-Davis allegedly never received any payment for her services. Walker-Davis's employment ended on November 1, 2021, after she allegedly inquired about why she was never paid during that time.

1

On August 3, 2022, Walker-Davis filed a complaint against defendants in the Hampton County Court of Common Pleas, alleging a violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-40. ECF No. 1-1. While the case was still in state court, Walker-Davis filed an amended complaint on January 4, 2023. ECF No. 1-3, Amend. Compl. On January 12, 2023, defendants removed the case to this court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). ECF No. 1. On January 27, 2023, defendants filed an amended notice of removal. ECF No. 9. On January 17, 2023, defendants filed their answer and counterclaim. ECF No. 4, Ans. Defendants' counterclaim alleges that Walker-Davis's complaint violates the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code § 15-36-10. Id. ¶¶ 61–67.

On January 26, 2023, Walker-Davis filed a motion to dismiss defendants' counterclaim. ECF No. 5. Defendants responded to the motion on February 6, 2023, ECF No. 11, and Walker-Davis replied on February 15, 2023,[1] ECF No. 13. On January 26, 2023, Walker-Davis filed her first motion to remand, ECF No. 6, and defendants responded in opposition on February 6, 2023, ECF No. 10. In lieu of a reply, Walker-Davis filed a second motion to remand on February 14, 2023. ECF No. 12. Defendants responded in opposition on February 23, 2023. ECF No. 15. Walker-Davis did not file a reply, and the time to do so has now elapsed. As such, all motions have been fully briefed and are now ripe for review.

---

[1] Walker-Davis did not seek an extension of time, so her reply was untimely. Local Civil Rule 7.07 (D.S.C.) (noting that a party desiring to reply "shall file the reply within seven (7) days after service of the response").

## II. STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134.

As relevant here, the standards for evaluating a Rule 12(b)(6) motion apply when evaluating the sufficiency of counterclaims. Information Planning & Mgmt. Serv. Inc. v. Dollar Gen. Corp., 2016 WL 69902, at *3 (E.D. Va. Jan. 5, 2016); see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) ("To survive the motion [to dismiss], a complaint (or counterclaim, as is the case here) must contain sufficient facts to state a claim that is plausible on its face.") (internal quotation marks and citation omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### B.  Motion to Remand

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

## III. DISCUSSION

The court first addresses Walker-Davis's motion to dismiss and grants the motion. Next, Walker-Davis filed a second motion to remand and appears to all but concede the grounds for her first motion to remand. For completeness, the court considers both motions to remand, resolves issues with the first motion where applicable, and ultimately denies both motions.

### A. Motion to Dismiss Counterclaim

Defendants' counterclaim alleges that Walker-Davis's complaint violates the Frivolous Civil Proceedings Sanctions Act ("FCPSA") because the claims asserted in it are not supported by law or fact and no reasonable attorney would believe that the claims are warranted by existing law. Ans. ¶ 62. In her motion to dismiss, Walker-Davis argues that defendants erroneously bring a counterclaim under the FCPSA because the statute does not provide a standalone cause of action, and any relief under the statute must be sought after trial. ECF No. 5 at 3.

The FCPSA provides:

> <u>At the conclusion of a trial</u> and after a verdict for or a verdict against damages has been rendered or <u>a case has been dismissed</u> by a directed verdict, summary judgment, or judgment notwithstanding the verdict, upon motion of the prevailing party, the court shall proceed to determine if the claim or defense was frivolous.

S.C. Code Ann. § 15-36-10(C)(1) (emphases added). Under the plain terms of the FCPSA, Walker-Davis is correct that relief must be sought through a post-trial motion. Other courts have confirmed this reading of the rule. See, e.g., <u>Holmes v. E. Cooper Cmty. Hosp., Inc.</u>, 758 S.E.2d 483, 495 (S.C. 2014) ("Motions made pursuant to the FCPSA are post-trial motions."). Accordingly, courts in this district have dismissed without prejudice counterclaims asserting a violation of the FCPSA as unripe. <u>See</u> <u>State</u>

Farm Fire & Cas. Co. v. Lang, 2021 WL 3856187, at *6 (D.S.C. Aug. 27, 2021) (dismissing a FCPSA counterclaim without prejudice); Carson v. Emergency MD, LLC, 2020 WL 6489528, at *3 (D.S.C. Nov. 3, 2020) (same, in a sua sponte dismissal).

Defendants only provide one case in opposition. ECF No. 11 at 3 (citing CT&T EV Sales, Inc. v. 2AM Grp., LLC, No. 7:11-cv-1532-TMC (D.S.C. May 2, 2012) (ECF No. 142 at 10)). But that case, which was unpublished, does not support defendants' position. There, the court granted defendants' motion for default judgment but determined that the defendants had failed to show a violation of the FCPSA. Id. Even if defendants cite CT&T to note that the court did not dismiss the FCPSA counterclaim prior to issuing its final disposition, the mere fact that the issue was not raised sooner does not create precedent for denying motions to dismiss that properly raise the issue. In any event, the clear weight of authority counsels in favor of dismissing the complaint as unripe.

Therefore, the court follows its sister courts in this district and dismisses defendants' first counterclaim without prejudice. If needed, defendants will be permitted to raise their FCPSA claim at the close of this case, assuming the statute is applicable and the prerequisites of § 15-36-10(C)(1) have been met.

### B. Motion to Remand

Defendants removed this case based on diversity jurisdiction. ECF No. 1 at 3. For a federal court to have jurisdiction based on diversity of citizenship, all plaintiffs and defendants must be citizens of different states, and the amount of controversy must exceed the sum of $75,000. 28 U.S.C. § 1332(a). In their first notice of removal, defendants noted that Walker-Davis amended her complaint in state court to assert

$31,320 in unpaid wages, treble damages, and attorney's fees,[2] for a total amount in controversy of at least $93,960. ECF No. 1 ¶ 5. Walker-Davis does not dispute that the amount-in-controversy requirement has been met. ECF No. 10 at 2. However, the parties disagree on whether there is complete diversity. Specifically, the issue presented here is whether Walker-Davis and UCF are diverse.

For the purposes of jurisdiction, a person is a citizen of the state in which she is domiciled. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017). It is undisputed that Walker-Davis is a citizen and resident of South Carolina. Amend. Compl. ¶ 2. A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The parties do not dispute that UCF is incorporated in North Carolina, but they disagree on where UCF has its principal place of business.

In her first motion to remand, Walker-Davis argued that the court should remand the case based on a lack of diversity jurisdiction because defendants failed to plead UCF's principal place of business in their notice of removal. Walker-Davis was right. "[A] notice of removal that fails to contain an allegation of a defendant corporation's dual citizenship—its state of incorporation and the state of its principal place of business—is defective when complete diversity of citizenship is the basis for removal." Bishop v. Liberty Mut. Ins. Co., 2015 WL 6163246, at *2 (D.S.C. Oct. 19, 2015) (quoting 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3733 (4th ed. 2013)). Thus,

---

[2] Courts may include attorney's fees in the amount-in-controversy calculation if a statute allows payment of attorney's fees. Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013). Here, the amended complaint alleges attorney's fees are allowed under S.C. Code § 41-10-80. Amend. Compl. ¶ 19.

courts must remand a case when the removing defendant fails to give the court any guidance as to the defendant's citizenship.  Id.

Likely recognizing that it would be untenable to rest on their original notice of removal, defendants filed an amended notice of removal on January 27, 2023.  ECF No. 9.  The amended notice states that UCF's principal place of business is in Charlotte, Mecklenburg County, North Carolina.  Id. ¶ 9.  Defendants also attached as an exhibit a screenshot of UCL's business registration page from the North Carolina Secretary of State's website.  The website states that UCL's mailing address and principal office are both found in Charlotte, North Carolina.

After they filed the amended notice of removal, defendants responded to Walker-Davis's first motion to remand and pointed to the amended notice as proof that UCF satisfied the complete-diversity requirement.  As for why they were allowed to file a modified notice, defendants argued that they were permitted to amend their removal petition any time within thirty days of service of the complaint.  ECF No. 10 at 3 (citing Muhlenbeck v. KI, LLC, 304 F. Supp. 2d 797, 798 (E.D. Va. 2004)).  Defendants were correct on that point; courts have generally established that "a defendant may freely amend [a notice] within the 30-day [removal] period" to cure defective allegations of jurisdiction.  Dalton v. Georgia-Pacific LLC, 2012 2072766, at *1 (D.S.C. May 4, 2012).  Here, Walker-Davis's amended complaint was filed on January 4, 2023, and defendants' amended notice of removal was filed on January 27, 2023, meaning defendants did not need to seek leave to amend the original notice.

Walker-Davis did not file a reply and instead filed a second motion to remand.  ECF No. 12.  As a matter of organization, the court formally denies Walker-Davis's first

motion to remand. In her second motion, Walker-Davis argues that despite defendants' averment, complete diversity is still not satisfied because defendants have not shown that UCF's principal place of business is in North Carolina. Id. ¶ 15. In support, Walker-Davis argues that of two Fourth Circuit approaches, the court should determine UCF's principal place of business by using the "place of operations test," to the exclusion of the "nerve center test," because UCF has multiple centers of manufacturing, purchasing, or sales. Id. (citing Bradley v. Just Care, Inc., 2008 WL 5431168, at *2 (D.S.C. Dec. 30, 2008)).

Walker-Davis's authority is outdated. In 2010, the Supreme Court held in Hertz Corporation v. Friend, 559 U.S. 77, 92–93 (2010), that "principal place of business" is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center." Thereafter, the Fourth Circuit explained,

> In determining a corporation's principal place of business, we previously employed two tests: the nerve center test and the place of operations test. See Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999). However, the Supreme Court in Hertz definitively held that, for purposes of diversity jurisdiction, a corporation's principal place of business is its "nerve center." [Hertz, 559 U.S. at 80–81]. Accordingly, we apply the nerve center test to determine [the defendant's] principal place of business . . . .

Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014).

Therefore, contrary to Walker-Davis's contention that "the nerve center test is not appropriate," ECF No. 12 ¶ 16, the court must apply the nerve center test to determine UCF's principal place of business. And, as the Supreme Court explained in Hertz, a corporation's nerve center "should normally be the place where the corporation maintains

9

its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." 559 U.S. at 93.

Walker-Davis does not meaningfully dispute that UCF is headquartered in Charlotte, North Carolina. Walker-Davis's affidavit attached to her second motion instead relies on the now-defunct language from the "place of operations" test and states that UCF "maintained an office in Hampton County, South Carolina" and "engaged in substantial corporate activities in Hampton County." ECF No. 12-1, Walker-Davis Aff. ¶¶ 3–4. Walker-Davis does not allege that UCF is operated out of South Carolina, nor does it appear she can. UCF's business registration page attached to defendants' amended notice shows that UCF's "[p]rincipal [o]ffice" is in Charlotte, North Carolina. ECF No. 9-1. Even if the court were to ignore the website, the court similarly concludes that UCF's headquarters is its actual center of direction, control, and coordination. As defendants note, Walker-Davis herself served the complaint on UCF in North Carolina. Furthermore, Miller—who defendants state is UCF's President—is a citizen and resident of North Carolina.[3] Amend Compl. ¶ 3. That UCF's senior officers maintain offices in North Carolina similarly weighs in favor of finding North Carolina to be the principal place of business. See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 104–05 (4th Cir. 2011) (considering where the corporate officers maintained their offices as part of the principal-place-of-business analysis).

---

[3] This is to say nothing of the new exhibits that defendants attach to their response to Walker-Davis's second motion to remand. Defendants provide UCF's business corporation annual reports that show its principal office, registered agent, and corporate officers (bar one) are all based in Charlotte, North Carolina. ECF Nos. 15-1, 15-2, 15-3, 15-4. Based on the exhibits, the court finds that delaying the case for the purpose of conducting jurisdictional discovery is also unnecessary.

Based upon the evidence provided, defendants have met their burden of demonstrating that UCF's principal place of business is in North Carolina. Because complete diversity exists, and the amount in controversy exceeds $75,000, the court finds jurisdiction is proper and denies the second motion to remand.

### IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss defendants' counterclaim and **DENIES** the motions to remand.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 24, 2023**
**Charleston, South Carolina**